**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0399, <u>Brandywyne Common Condominium v. Weixing V. Wang</u>, the court on October 18, 2022, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Weixing V. Wang, appeals orders of the Superior Court (<u>Honigberg</u>, J.) granting summary judgment to the plaintiff, Brandywine Commons Condominium, on its claim to recover certain unpaid assessments and fines from him, and awarding the plaintiff $1,468.36 in damages and $12,688.50 in attorney's fees. We affirm.

When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. <u>Clark v. N.H. Dep't of Emp't Sec.</u>, 171 N.H. 639, 650 (2019). If our review of that evidence reveals no genuine dispute of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. <u>Id</u>. We review the trial court's application of law to the facts <u>de novo</u>. <u>Id</u>.

We will not overturn a trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. <u>Short v. LaPlante</u>, 174 N.H. 384, 393 (2021). To warrant reversal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the aggrieved party on that issue. <u>Id</u>. In evaluating the trial court's ruling on this issue, we acknowledge the tremendous deference given a trial court's decision regarding attorney's fees. <u>Id</u>. If there is some support in the record for the trial court's determination, we will uphold it. <u>Id</u>.

As the appealing party, the defendant has the burden to demonstrate reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned orders, the defendant's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated that the court committed reversible error. <u>See</u> <u>id</u>.

To the extent that the defendant argues that the trial judge demonstrated bias against him, we note that adverse rulings alone do not establish judicial bias. <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 271 (2002). Based upon our review of the record submitted on appeal, we conclude that no reasonable person would

have questioned the judge's impartiality and that no factors were present that would have per se disqualified the trial judge from participating in this case. See id. at 268-71.

In light of this order, the plaintiff's request in its brief that we strike the defendant's brief is moot.  The plaintiff's request in its brief for an award of attorney's fees and costs incurred on appeal is granted.  Consistent with Rule 23, the plaintiff may file a motion for taxation of costs and attorney's fees, and shall support the motion with an affidavit of counsel establishing the reasonableness of the attorney's fees it incurred in defending this appeal.  Failure to comply with Rule 23 or this order shall be deemed a waiver of an award of attorney's fees and costs incurred on appeal.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**